**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LEEANN MCDONALD,

                   Plaintiff,

                                                    Case No. 6:16-cv-1150-Orl-37JRK

vs.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

                 Defendant.
_____/

**REPORT AND RECOMMENDATION**[2]

This cause is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 21; "Motion"), filed June 1, 2017. In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,217.48. Motion at 1-3. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 3.

Plaintiff's counsel indicates a total of 16.7 hours were expended by two attorneys in the representation of Plaintiff before the Court: 2.5 hours by attorney Richard A. Culbertson in 2016 and 2017; and 14.2 hours by attorney Sarah Fay in 2016 and 2017. Id. at 2; see id.

---

    [1]     Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    [2]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

at 11-12 (attached Schedules of Hours).  Plaintiff requests an hourly rate of $192.67.  Id. at 2.  Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress.  See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased).  Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees.[3]  Further, the number of hours expended is reasonable.

Plaintiff has assigned her rights to any entitlement of attorneys' fees due under the EAJA to her counsel.  Motion at 2; see Doc. No. 21-1 (Retainer Agreement).  Plaintiff represents as follows:

> The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Motion at 2.

In accordance with the foregoing, it is

**RECOMMENDED**:

1. That Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 21) be **GRANTED**.

---

[3] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited June 22, 2017).  In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed.  See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-OC-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

2. That the Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant for attorneys' fees in the amount of $3,217.48 pursuant to 28 U.S.C. § 2412(d).

3. That any final Order regarding the Motion include the following language: "If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 22, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

The Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of record